**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **ROBERT LUCIOUS TONEY**, <br><br> Defendant. | No. 19-04018-01-CR-C-BCW |

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, the United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing on July 14, 2020. For the reasons set forth below, the Government recommends that the Court sentence the Defendant, Robert Lucious Toney, to 188 months' imprisonment and 5 years' supervised release.

### I. BACKGROUND

Beginning in September, 2018, DEA agents began receiving information from a cooperating defendant about the defendant selling heroin and methamphetamine in the Saint Louis area. In November, 2018, an undercover DEA agent (UC) called the defendant and the defendant agreed to sell the UC two ounces of methamphetamine for $1,400. The UC and the defendant spoke again in December, 2018, about the deal, and on December 14, 2018, the defendant travelled to a restaurant in Columbia, Missouri, where he sold the UC 55.9 grams of pure methamphetamine.

On January 15, 2019, the UC called the defendant again and the defendant agreed to meet the UC in Kingdom City, Missouri to sell the UC four ounces of methamphetamine, two grams of heroin, and one gram of cocaine all for $3,200. On January 18, 2019, DEA agents surveilled the

defendant's home in Olathe, Kansas, where they saw him exit his home, place something in the gas tank lid of his Nissan Altima, and then leave the residence driving the Altima. The agents later saw the defendant meet with another individual, and the two of them travelled to Kingdom City in the defendant's car on Interstate 70. When the defendant arrived in Kingdom City, DEA agents saw him drop off his passenger at a gas station and then drive across the street to meet the UC in the parking lot of a restaurant. When the defendant arrived at the parking lot of the restaurant, he was taken into custody by waiting law enforcement officers.

When agents searched the defendant's car, they found a black plastic bag in hidden in the gas tank lid. This bag contained 112.7 grams of pure methamphetamine, 2.050 grams of heroin, and 1.026 grams of cocaine.

On the same day the defendant was arrested, DEA agents executed a search warrant at his home in Olathe, Kansas, where they found a loaded .44 magnum revolver in the bottom drawer of the nightstand in the Southeast bedroom, and .516 grams of fentanyl and Dipyone, in a serving cup inside the kitchen cabinet.

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---|
| **Base Offense Level (§ 2D1.1)** | **32** |
| **Enhancement for Possessing a Weapon (§2D1.1(b)(1)** | **+2** |
| **Adjusted Offense Level** | **34** |
| **Acceptance of Responsibility** | **-3** |
| **Total Offense Level** | **31** |

With a criminal history category of IV, the defendant has an advisory Guidelines range of 151-188 months' imprisonment. Counts 1 and 2 carry a statutory mandatory minimum sentence of 120 months.

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures. *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b). The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. USSG § 1.1B1(c). The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). At the same time, the sentencing judge is charged with making an "individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). Considering all of the circumstances of this offense and the factors identified in Section 3553(a), the Government submits that a sentence of 188 months is the appropriate sentence to achieve the goals of sentencing in this case.

### A. *Objections to the PSR*

The defendant makes one objection, which impacts the Sentencing Guidelines calculation. The defendant objects to the application of the four-level enhancement pursuant to USSG § 2D1.1(b)(1) for possessing a dangerous weapon (handgun). The Government submits that the application of the two-level enhancement is appropriate because the defendant kept the loaded handgun in his home where he also possessed .516 gram of fentanyl and Dipyone. Moreover, and more to the point, the defendant was observed by surveilling DEA agents secreting something in the gas lid of his car while it was parked at his home where the handgun was found. After the defendant left his home to travel to Fulton, Missouri, to sell an undercover officer illegal drugs,

DEA agents found a bag containing 112.7 grams of methamphetamine in the gas lid, along with smaller quantities of heroin and cocaine.

These facts suggest that it is more likely than not that the defendant possessed the firearm as a means of protection for the place where he stored his illegal drugs. The fact that he was not carrying the handgun while transporting his illegal drugs, as the defendant argues, is immaterial. The connection to the place where he kept his stash of illegal drugs is sufficient. As a consequence, the application of the two-level enhancement pursuant to § 2D1.1(b)(1) is appropriate and the Court should overrule the defendant's objection to its application.

B. *Application of the § 3553(a) Factors*

**1. The History and Characteristics of the Defendant**

The defendant spent 38 years of his life in the Missouri Department of Corrections after he was found guilty of executing an off-duty police officer by shooting him in the head with a sawed off shotgun and murdering another patron during a robbery at Cousin Hugo's Tavern in Saint Louis on Saint Patrick's Day, 1972. (PSR ¶ 35.)

The defendant did not report, and the PSR does not have any record of, any mental health or serious substance abuse issues. (PSR ¶ 52-56.) At the time of his arrest in this case, the defendant was employed and was earning $2,770 per month as a fork lift driver. (PSR ¶ 60.)

Despite having been granted parole from such a heinous crime, the defendant chose to use his freedom to continue to break the law by selling drugs and possessing a gun. The defendant did not do this because he needed the money, nor because he was supporting an addiction, as is the case for so many defendants; rather, he did these things just because he wanted to.

The defendant's history and characteristics demonstrate that he is an immense danger to the community, and this factor supports a significant sentence.

4

### 2. The Need to Protect the Public from Future Crimes by the Defendant

The need to protect the public from the future crimes of this defendant is an important factor in this case, and is supportive of the sentence recommended by the Government. As noted above, when he was arrested in this case, the defendant was on parole after 38 years of imprisonment for the murder of two people during a robbery. (PSR ¶ 35.) The defendant's decision to re-engage in criminal activity with so little reason to do so, and so many reasons not to, is deeply troubling. Moreover, given the defendant's criminal history, he is the very last person who should possess a gun. The defendant has shown that, come what may, he will persist in his criminal conduct. The community can ill afford to bear the risk of this dangerous and violent defendant continuing to reoffend as he pleases.

### 3. The Nature and Circumstances of the Offense

In addition to the inherent risk of firearms offenses generally, particularly those involving felons, the defendant's actions in this case are troubling and support the Government's recommended sentence of 188 months at the top of his Guidelines range. As noted above, the defendant was selling large quantities of dangerous controlled substances, and was doing so purely for profit. There are no mitigating factors or reasons for why the defendant was engaged in attempting to poison the community with methamphetamine, heroin, and cocaine. Moreover, his possession of a handgun, particularly given his criminal history, is utterly intolerable conduct. The defendant's conduct in this case, especially in light of his past, warrants a significant sentence.

### 4. The Need to Afford Adequate Deterrence to Criminal Conduct

The Court is required to consider what type of sentence is needed to afford adequate deterrence to criminal conduct, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. §

3553(a)(2)(A)-(B). Deterrence, respect for the law, and the need to provide just punishment generally weigh in favor of a significant sentence and, in this case, these factors would be adequately addressed by a Guidelines range sentence of 188 months.

    **5. Balancing of All § 3553(a) Factors**

On balance, after weighing the relevant § 3553(a) factors, the Government recommends that the Court impose a sentence of 188 months' imprisonment.

B. *Recommended Sentence for Monetary Penalties*

The PSR indicates that the defendant does not have the ability to pay a fine, so no fine is requested. The $100 Special Assessment per count of conviction, however, is mandatory, and is due in full no later than the date of sentencing.

### III. CONCLUSION

The Government respectfully submits to the Court that a sentence of 188 months constitutes a sentence sufficient, but not greater than necessary, to achieve justice in this case.

    Respectfully submitted,

    **Timothy A. Garrison**
    United States Attorney

By    /S/

    **Aaron M. Jolly**
    Special Assistant United States Attorney
    Missouri Bar No. 70155

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 6, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

/S/
**Aaron M. Jolly**
Special Assistant United States Attorney